

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**HANNAH OLEYNIK**
*Assistant Corporation Counsel*
Phone: (212) 356-2663
Fax: (212) 356-3059
holeynik@law.nyc.gov

January 12, 2026

**VIA ECF**
Honorable Robert M. Levy
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   Brandon Lee v. City of New York, et al.,
>       25-cv-02251 (DG) (RML)

Your Honor:

I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney representing defendants City, Sergeant David Zayas, and Detectives John Seel and Lizabeth Klein in the above-referenced matter. Defendants respectfully request a continued stay of this matter pending resolution of the criminal matter of Brandon Lee's former co-defendant. Plaintiff does not object to this request. The Court previously granted defendants (1) a 60-day extension of time within which to respond to the complaint—i.e., from May 15, 2025, until July 14, 2025 (see 5/16/2025 Docket Entry); (2) a 90-day stay for all defendants—i.e., from July 14, 2025, until October 14, 2025 (see 7/20/2025 Docket Entry); and (3) a second 90-day stay for all defendants—i.e., from October 14, 2025 until January 12, 2025—with leave to request an extension for good cause (see 10/14/25 Docket Entry). For the reasons below, good cause exists to continue the stay for an additional ninety days, from January 12, 2026 until April 13, 2026.

By way of background, this case arises from the prosecution of plaintiff and three others— Darvin Guiteau, Daijan Palmer, and Krishon Hedge—for felony murder and related offenses. Upon information and belief, Palmer confessed to the crime and implicated the others, including plaintiff, and testified at the trial of plaintiff and Guiteau. The jury returned a verdict of guilty for Guiteau and not guilty for plaintiff. Plaintiff and Hedge evidently left for Florida sometime after the murder; however, Hedge was not extradited to New York until late 2024, and his criminal proceedings are ongoing. Plaintiff was detained from his 2018 arrest until his 2024 acquittal and now brings claims for false arrest, malicious prosecution, and related causes of action.

Plaintiff's primary allegation of wrongdoing is his claim that the defendants coerced Palmer into implicating plaintiff in the murder. See, e.g., Complaint, ECF Dkt. No. 1 at ¶¶ 23 ("Palmer, who was the only witness that placed Mr. Lee at the scene of the shooting, was arrested, interrogated, coached, and coerced into implicating Brandon Lee in the shooting death of Jaquan Campbell by Det. Seel."); 30 ("Prior to Mr. Lee's trial, Daijan Palmer was once again coerced into falsely implicating Mr. Lee and testifying at trial."); 97 ("Defendant . . . substantially ignored and interfered with exculpatory evidence that vitiated probable cause against Plaintiff and ultimately impeached evidence introduced at trial, including the unreliability of the only piece of evidence against Mr. Lee, Daiqan [sic] Palmer."); 102 ("Defendants . . . coached the only witness, Jaiqan Palmer . . . "; "Defendants . . . coached Jaiqan [sic] Palmer").

A continuation of the stay would be appropriate because this case will largely turn on the testimony of Palmer—who, plaintiff alleges, falsely testified against plaintiff at the defendants' behest—but Palmer's criminal proceedings have not yet concluded and likely will not conclude until his cooperation in Hedge's criminal matter has concluded. The Queens Supreme Court has confirmed that Hedge's criminal case (No. IND-00425-19/004 (Queens Sup. Crim. Ct.)) remains active and ongoing, with the next appearance scheduled for February 6, 2026. "District courts routinely exercise their inherent power and discretionary authority to stay a case when confronted with the concurrent pendency of civil and criminal proceedings involving the same or related subject matter." Doe v. City of N.Y., No. 09 CV 9895 (BSJ), 2010 U.S. Dist. LEXIS 3700, at *1 (S.D.N.Y. Jan. 18, 2010) (citing Estes-El v. Long Island Jewish Medical Center, 916 F. Supp. 268, 269 (S.D.N.Y. 1995)). Given that Palmer will likely be unavailable to provide testimony while his and Hedge's criminal matters are pending, and discovery from the Queens County District Attorney's Office related to the murder prosecutions will also likely be unavailable until such matters have been resolved, good cause exists for the Court to grant a stay. See, e.g., Lurch v. Had, No. 22-CV-2324 (VSB), 2023 U.S. Dist. LEXIS 246542, at *2 (S.D.N.Y. Aug. 1, 2023) ("[T]he civil case will likely benefit from the resolution of the criminal case given the ability to use criminal discovery material and the fact that the resolution of the criminal proceeding may resolve or at least simplify many of the issues in the civil proceeding.").

Defendants thank the Court for its time and consideration herein.

Respectfully submitted,

/s/ *Hannah Oleynik*
Hannah Oleynik
*Assistant Corporation Counsel*
Special Federal Litigation Division

Cc:    *All Counsel of Record*

2